**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-60178-CV-MIDDLEBROOKS

ALEXIS ALIAGA ESPINOSA by
Next Friend SULIMA BOUZA BAUZA,

      Petitioner,

v.

WARDEN, BROWARD TRANSITIONAL CENTER,

      Respondent.

_____/

**ORDER TO FILE AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court on the *pro se* Petition for Writ of Habeas Corpus ("Petition"),1 brought pursuant to 28 U.S.C. § 2241 by Sulima Bouza Bauza ("Next Friend") on behalf of Alexis Aliaga Espinosa ("Petitioner"). (DE 1).   Simultaneously with the Filing of the Petition, Next Friend has filed an Emergency Motion to Expedite Consideration (DE 3), an Emergency Motion for Immediate Release (DE 4), and a Motion for Temporary Restraining Order (DE 5) (jointly, the "Motions").

First, I find the Petition and Motions are a nullity because Next Friend is not a licensed attorney and there are no allegations that Petitioner is incompetent or otherwise incapable of bringing this action on his own behalf.   "[A]n advocate who is not a member of the bar may not represent clients (other than himself) in court."   *Wheat v. United States*, 486 U.S. 153, 159 (1988);

---

1 The Petition is not on the authorized form and does not substantially follow the approved form for habeas corpus petitions.  *See* Rule 2(d), Rules Governing Section 2254 Cases in the United States District Courts (holding that "the petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule"); *see also* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts (allowing the Court to apply the Rules Governing § 2254 Cases to § 2241 habeas petitions).

*FuQua v. Massey*, 615 F. App'x 611, 613 (11th Cir. 2015) (the rights of parties to appear *pro se* is limited to parties conducting their own cases and does not extend to non-attorney parties representing the interests of others).

Second, it is true that the claims challenging the constitutionality of Petitioner's continued confinement are properly brought in this § 2241 federal habeas corpus petition,  Section 2241 permits a district court to grant a habeas corpus petition when a petitioner is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  However, the claims challenging the conditions of Petitioner's confinement, the denial of medical care, and the unlawful use of force during arrest fall outside of habeas corpus.  *See Vaz v. Skinner,* 634 F. App'x 778, 780 (11th Cir. 2015) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of th[e] core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance.") (quoting *Nelson v. Campbell,* 541 U.S. 637, 644 (2004)); *Hutcherson v. Riley,* 468 F.3d 750, 754 (11th Cir. 2006); *Cook v. Baker*, 139 F. App'x 167, 168 (11th Cir. 2005) (holding similarly to *Vaz*); *Daker v. Warden*, 805 F. App'x 648, 651 (11th Cir. 2020) (holding that because petitioner's First and Eighth Amendment claims were cognizable in a civil rights action, they were not cognizable under the mutually exclusive remedy of habeas corpus).  As a result, the allegations that Petitioner is being denied medical care, that the conditions of confinement are punitive in nature, and officials used excessive force during his arrest are, therefore, not cognizable in a § 2241 Petition and are properly brought, if at all, under a separate civil rights action, pursuant to *Bivens*,[2] after exhaustion of

---

2 *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

administrative remedies. *See Muhammad v. Close,* 540 U.S. 749, 750-51 (2004); *see also Boyd v. Warden*, 856 F.3d 853, 865 (11th Cir. 2017) (explaining "habeas and § 1983 are mutually exclusive avenues for relief" (internal quotation marks and citation omitted)).  As a result, Petitioner is cautioned against re-asserting these claims in an amended § 2241 petition as they will be stricken. *see* Rule 4 of Rules Gov. § 2254 Cases (allowing the Court to conduct a preliminary review of a habeas petition).

Petitioner is further advised that, although he is proceeding *pro se*, he must still comply with the Federal Rules of Civil Procedure, the Rules Governing Section 2254 Proceedings,[3] and the Local Rules[4] of the Southern District of Florida.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se . . .* litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").  Rule 2 of the Federal Rules Governing § 2254 Proceedings imposes "heightened pleading requirement[s]" on petitioners.  *See Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011).

---

[3] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."  Thus, Rule 4 may be applied to cases brought pursuant to 28 U.S.C. § 2241.  Summary dismissal of a habeas corpus action brought under 28 U.S.C. § 2241 is appropriate when the petition plainly reveals that relief is not warranted under Rule 4. See 28 U.S.C. § 2243 (providing that a Section 2241 petition can be dismissed unless it appears from the application that the person detained is entitled to the relief.); *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  Although the Petition is subject to summary dismissal, because of Petitioner's *pro se* status, he will be afforded one opportunity to amend the petition to cure the deficiencies identified herein.

[4] Specifically, Local Rule 1.1 provides that the Local Rules for the Southern District of Florida shall apply in all proceedings in civil and criminal actions except where otherwise indicated. Moreover, the Court's local rules further mandate, in relevant part, that petitions filed pursuant to 28 U.S.C. § 2241 must substantially follow the forms, if any, prescribed by the Court and obtained from the Clerk of the Court upon request.  S.D. Fla. Loc. R. 88.2(a)(2).

Further, Next Friend has raised five grounds replete with legal conclusions regarding why Petitioner is entitled to immediate release from custody, including "the arrest was unconstitutional and void *ab initio*," Petitioner's "prolonged civil detention without due process is unconstitutional," the "denial of medical care violates due process, Petitioner's continued confinement is punitive in nature, and his continued detention serves no legitimate governmental purpose. (*Id.* at 3). Again, Petitioner is reminded that claims challenging the conditions of his confinement and unlawful use of force should be brought by way of a civil rights action brought pursuant to *Bivens*. Only claims challenging the constitutionality of Petitioner's continued detention by immigration officials are properly cognizable in a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. *See Hiteshaw v. Butterfield*, 262 F. App'x 162, 163-64 (11th Cir. 2008) (distinguishing the applicability of §§ 2241 and 2254 to state prisoner claims); *see also Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261-62 (11th Cir. 2004) (holding that a pre-trial petition for habeas corpus relief is properly brought under Section 2241, which applies to individuals in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him).

Because of Petitioner's *pro se* status, he will be afforded one opportunity to file a final, amended petition in compliance with the federal, civil, and local rules governing the filing of habeas corpus petition. Petitioner is advised that the Court will only consider claims raised by him not by his Next Friend in the final, amended petition. Furthermore, "[w]ith a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him." *See Chavez v. Sec'y*, *Fla. Dep't of Corr.*, 647 F.3d 1057, 1064 (11th Cir. 2011) (citations omitted); *see also Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) (A court

may not act as a Petitioner=s lawyer and construct the party=s theory of liability from facts never alleged, alluded to, or mentioned during the litigation.).

In this regard, the Eleventh Circuit has made clear:

> [A]ll of these principles of law would mean nothing if district courts were required to mine the record, prospecting for facts that the habeas petitioner overlooked and could have, but did not, bring to the surface of his petition. Making district courts dig through volumes of documents and transcripts would shift the burden of sifting from petitioners to the courts. With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner=s work for him. *Cf. Adler v. Duval County School Board*, 112 F.3d 1474, 1481 n.12 (11th Cir. 1997) (noting in a civil case that, absent plain error, "it is not our place as an appellate court to second guess the litigants before us and grant them relief . . . based on facts they did not relate."); *Johnson v. City of Fort Lauderdale*, 126 F.3d 1372, 1373 (11th Cir. 1997) ("[W]e are not obligated to cull the record ourselves in search of facts not included in the statements of fact."). The Seventh Circuit memorably said that appellate judges "are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Likewise, district court judges are not required to ferret out delectable facts buried in a massive record, like the one in this case, which was more than 25,000 pages of documents and transcripts.

*Chavez*, 647 F.3d at 1059-60. Thus, a habeas petitioner is required to construct his claims. *See also cf GJR Investments*, *Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Petitioner will be afforded one opportunity to file a proper Amended Petition, if he so chooses, on the form provided, that complies with this Order.   Petitioner is cautioned that mere conclusions of law, unsupported by any facts are insufficient to support a claim for federal habeas corpus relief.   Petitioner is also advised that the Court will not entertain multiple unwieldly filings, nor haphazard attachments of state court filings which do not correspond to the grounds for relief identified in the form petition or are otherwise not numbered.   Petitioner is specifically instructed

to use the authorized form provided, and if additional pages are needed, he may attach them to the Amended Petition and shall ensure that the attachments are signed under penalty of perjury. Petitioner is reminded that what is relevant is the relationship of the facts to the claim asserted in the petition. *See* Rule 2(e), Rules Governing Section 2254 Cases advisory committee note.

**Furthermore, Petitioner is advised that the local rules require that the Amended Petition together with its incorporated or attached supporting facts/memorandum of law, may not exceed twenty (20) pages, and that a reply, if filed, not exceed ten (10) pages.** *See* S.D. Fla. Loc. R. 7.1(c)(2); *see also Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989). Petitioner is advised, however, that title pages preceding the first page of text, signature pages, certificates of good faith conferences, and certificates of service shall not be counted as pages for purposes of the local rules.   *See* S.D. Fla. Loc. R. 7.1(c)(2).

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition (DE 1), and Motions (DE 3; DE 4; DE 5) are stricken.

2. Petitioner may file a final Amended Petition, and refile the Motions, if he so chooses, on or before **February 6, 2026.**   Petitioner is reminded that if he chooses to file a final Amended Petition, he must comply with this Order regarding the form and substance for filing the operative Amended Petition.   The Clerk shall provide the Petitioner with the form petition along with his copy of this Order.

3. The Amended Petition must be labeled "Amended Petition under 28 U.S.C. § 2241" and must show **Case Number 26-60178-CV-MIDDLEBROOKS**, so that it will be filed in this case.

4. The Amended Petition will be the **sole, operative pleading** considered in this case, and only the claims listed therein will be addressed by the Court.   *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (an amended complaint supersedes the initial complaint and becomes the operative pleading in the case); *see also* S.D. Loc. R. 15.1.   Therefore, the Amended Petition should in no way refer to Petitioner's prior filings, nor incorporate by reference claims or arguments previously made therein.   Petitioner is to clearly set forth the grounds for relief and supporting facts on the form petition provided with this Order.   He may prepare

additional pages but must clearly set forth the ground for relief and supporting facts, and the attachments must be verified under penalty of perjury.

5.  Petitioner is cautioned that failure to comply with this Order will result in dismissal of this action without prejudice, except as to any application of the federal statute of limitations or other federal procedural bars that may apply to render the dismissal one with prejudice. *See* Fed. R. Civ. P. 41(b).

6.  The Clerk of Court shall ensure that the approved § 2241 petition form is docketed as an attachment to this Order and mailed to the Petitioner with his copy of this Order and shall make a notation on the Court's docket reflecting that this has been accomplished, as ordered.

**SIGNED** in Chambers at West Palm Beach, Florida, this 23rd day of January, 2026.

Donald M. Middlebrooks
United States District Judge

**Copies furnished to:**

**Alexis Aliaga Espinosa,** *Pro Se*
A# 240818454
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073

**Sulima Bouza Bauza,** *Pro Se*
A#242107027
17360 SW 232 Street
Miami, FL   33170
Email:   sulimabuza@gmail.com

**United States Attorney**
Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov

**United States Immigration & Naturalization Services Attorney**
Noticing INS Attorney
Email: usafls-immigration@usdoj.gov