UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60178-CV-MIDDLEBROOKS

ALEXIS ALIAGA ESPINOSA by
Next Friend SULIMA BOUZA BAUZA,

    Petitioner,

v.

WARDEN, BROWARD TRANSITIONAL CENTER,

    Respondent.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** is before the Court *sua sponte.* On January 22, 2026, a petition for writ of habeas corpus ("Petition") brought pursuant to 28 U.S.C. § 2241 was filed by Sulima Bouza Bauza ("Next Friend") on behalf of Petitioner Alexis Aliaga Espinosa ("Petitioner"). (DE 1). On that same date, I entered an Order finding the Petition (DE 1) and motions (DE 3; DE 4; DE 5) are a nullity because Next Friend is not a licensed attorney and there were no allegations to establish Next Friend Standing, much less that Petitioner was incompetent or otherwise incapable of bringing the action on his own behalf. (DE 7). Also, I noted that the Petition was replete with legal conclusions without factual support regarding Petitioner's claim that he is entitled to immediate release from custody. (*Id.* at 4). As a result, I ordered Petitioner to file an amended petition on or before February 6, 2026, on the authorized form accompanying my Order. (*Id.* at 6). In my Order, I cautioned Petitioner that failure to comply with my Order and file the amended petition and renewed motions on or before the due date would result in dismissal of this action without prejudice. Petitioner has not complied with my Orders, failing to file an amended petition and renewed motions or request an extension of time, and the time for doing so has passed.

The decision to dismiss a case for lack of prosecution "lies within the trial court's discretion." *McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986); *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983). "A district court has inherent authority to manage its own docket so as to achieve the orderly and expeditious disposition of cases." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (internal quotation marks omitted). And "[t]he court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Id.*  Because Petitioner has failed to comply with my Order requiring the filing of an amended petition and renewed motions, I am unable to move forward with this case. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED WITHOUT PREJUDICE** based on Petitioner's failure to prosecute and noncompliance with the Court's Order.

2. All pending motion not otherwise ruled upon are **DISMISSED, as moot**.

3. The Clerk of Court shall insure that a copy of this Order is sent to the addressees listed below and shall note the docket that this has been accomplished, as ordered.

4. The Clerk of Court is then directed to **CLOSE THIS CASE.**

**SIGNED** in Chambers at West Palm Beach, Florida on this 12th day of February, 2026.

Donald M. Middlebrooks
United States District Judge

**Copies furnished to:**

 Alexis Aliaga Espinosa, *Pro Se*
A# 240818454
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073

**Sulima Bouza Bauza, Next Friend**
A#242107027
17360 S.W. 232 Street
Miami, FL  33170
Email:  sulimabuza@gmail.com

**United States Attorney**
Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov

**United States Immigration & Naturalization Services Attorney**
Noticing INS Attorney
Email: usafls-immigration@usdoj.gov